IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATT LINEBERRY,

    Plaintiff,

v.              Case No. 23-2461-JWB

UNIVERSITY OF KANSAS MEDICAL CENTER,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's partial motion to dismiss. (Doc. 4.) Plaintiff has failed to respond to the motion and the time for doing so has now passed. The motion is GRANTED for the reasons stated herein.

**I. Facts**

Plaintiff began working for Defendant University of Kansas Medical Center in June 2016 as an assistant professor and another related role. (Doc. 1 ¶ 18.) Plaintiff alleges that he experienced sex discrimination and harassment by his supervisor during his employment. From December 2, 2021, to February 25, 2022, Plaintiff took leave under the Family Medical Leave Act ("FMLA"). (*Id.* ¶¶ 53, 55.) Upon his return, Plaintiff's position was "severely deprecated," he was locked out of the network, and all of his supervisory duties were removed. (*Id.* ¶¶ 58–60.) Plaintiff was then transitioned to a full-time faculty member position in another department. This resulted in a reduction of his salary.

Plaintiff brings the following claims against Defendant: 1) discrimination under the Americans with Disabilities Act ("ADA"); 2) sex discrimination and harassment under Title VII;

1

3) retaliation under Title VII and the ADA; 4) FMLA interference and retaliation. Plaintiff seeks damages, lost benefits, attorney's fees, and other relief that the court deems just.

Defendant has moved to dismiss Plaintiff's claims brought under the ADA and FMLA on the basis that they are barred by Defendant's sovereign immunity. Plaintiff has not responded to the motion and the time for doing so has now passed. Although this court's local rules provide that a party's failure to respond to a motion results in the motion being granted as uncontested, the court cannot grant a dispositive motion based solely on Plaintiff's failure to respond. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). The court will therefore address Defendant's arguments on the merits.

## II.     Standard

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III.    Analysis

States and their agencies are generally protected from suit and damages in federal court by sovereign immunity, as guaranteed by the Eleventh Amendment. *Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015); *see also Cornforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1132-33 (10th Cir. 2001). There are exceptions to "the Eleventh Amendment's guarantee of sovereign immunity," which include consent, legislation abrogating

sovereign immunity, and suits against individual state officers in "their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy,* 789 F.3d at 1168–69.  Kansas has not waived its sovereign immunity and Plaintiff has failed to raise any argument that another exception applies.  *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998).  The Tenth Circuit has previously determined that Defendant is an arm of the state and, therefore, the Eleventh Amendment is implicated here.  *Id.*

Defendant asserts that Plaintiff's claims under the ADA and FMLA are barred.  The court agrees.  *See Allen v. Knowlton,* No. 23-3092, 2024 WL 621279, at *1, n.1 (10th Cir. Feb. 14, 2024) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (ADA); *Smith v. Kansas Pub. Emps. Ret. Sys.*, No. 2:18-CV-02340-HLT, 2020 WL 1467320, at *5 (D. Kan. Mar. 26, 2020) (dismissing claims under the ADA and FMLA); *Brockman v. Wy. Dep't of Family Servs.*, 342 F.3d 1159 (10th Cir. 2003) (claims under the FMLA involving self-care are barred by sovereign immunity); *Humphrey v. Kansas Dep't of Wildlife*, No. 13-4025-JTM, 2013 WL 4857889, at *3 (D. Kan. Sept. 10, 2013) (FMLA).

**IV.    Conclusion**

Defendant's partial motion to dismiss (Doc. 4) is GRANTED.  Plaintiff's ADA and FMLA claims are dismissed without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.  Dated this 18th day of April 2024.

                                                       s/ John W. Broomes
                                                      JOHN W. BROOMES
                                                      UNITED STATES DISTRICT JUDGE